**IMG-040**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4649
_____

XIU YING LI,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-297-720)
Immigration Judge: Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2011
Before:  BARRY, HARDIMAN AND STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 16, 2011)
_____

OPINION
_____

PER CURIAM

    Xiu Ying Li seeks review of the Board of Immigration Appeals' ("BIA" or

"Board") denial of her second motion to reopen.  For the reasons that follow, we will

grant the petition for review and remand the case for further proceedings consistent with

this opinion.

In 2000, Li, a native and citizen of China, attempted to enter the United States without valid documentation. She was issued a Notice to Appear, charging her with removability pursuant to INA § 212(a)(7)(A)(i)(I). Li conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), alleging that she had been persecuted under China's population control policy.

Following a merits hearing, an Immigration Judge ("IJ") determined that Li had not testified credibly and thus denied her application for asylum and related relief. Li appealed the ruling and, in a November 2002 decision, the BIA affirmed. Li did not petition this Court for review of that determination.

In November 2004, Li filed a motion to reopen her removal proceedings, arguing that there had been a change in country conditions in China as a result of the government's enactment of new and more restrictive birth control policies. The BIA determined that Li's motion was untimely filed and that she was unable to demonstrate a change in conditions regarding the family planning policy so as to avoid the application of the time restriction. The Board further noted that that the births of her three children in the United States did not amount to a change in circumstances in China, only a change in her personal circumstances.[1] The BIA later denied Li's motion for reconsideration. Li

---

[1] Li's first child was born in China.

2

did not petition this Court for review of either ruling.

In October 2009, Li filed another motion to reopen with the BIA, alleging that she will be subject to persecution upon her return to China due to changed country conditions regarding the one-child family planning policy, as a result of her illegal departure from the country, and because of her new affiliation with the Jehovah's Witnesses. Li argued in her motion that, since her last hearing in 2000, conditions in China have worsened because the government more stringently enforces family planning laws and laws prohibiting the free exercise of religion for unregistered Christian churches and religions that are not sanctioned by the government.

The BIA denied the motion to reopen, concluding that the "evidence fail[ed] to establish a change in circumstances or country conditions arising in the country of nationality so as to create an exception to the time and number limitation for filing a late motion to reopen to apply for asylum." (Administrative Record ("A.R.") at 4.) Before us now is Li's petition for review of the BIA's November 2009 order denying her second motion to reopen.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for an abuse of discretion. See Ying Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). Such review is "highly deferential" to the BIA. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). The BIA's denial of a motion to reopen will be upheld

unless the decision is "arbitrary, irrational, or contrary to law." <u>Rranci v. Att'y Gen.</u>, 540 F.3d 165, 171 (3d Cir. 2008) (citations omitted).

### III.

An alien generally may file only one motion to reopen, and must file the motion with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). The time and number requirements do not apply to motions that rely on evidence of "changed country conditions," INA § 240(c)(7)(C)(ii), or "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3).

Li does not dispute that her motion to reopen was untimely. Instead, as mentioned, she attempted to establish before the BIA that there has been a substantial change in country conditions since her administrative hearing regarding China's enforcement of its family planning policy as well as its treatment of those affiliated with unauthorized Christian churches.[2]

In support of her claims, Li submitted several documents, including academic and news articles, Chinese government policy materials, and State Department reports. (A.R.

---

[2] We note that Li has waived any challenge to the BIA's denial of reopening on the basis that she is likely to be persecuted upon her return to China for having left the country illegally and applied for asylum in the United States. <u>See</u> <u>Kost v. Kozakiewicz,</u> 1 F.3d 176, 182 (3d Cir. 1993) (absent extraordinary circumstances, failure to develop arguments in opening briefs results in waiver of those arguments).

4

82-237.) The Board concluded that the evidence did not warrant reopening. Li argues that the BIA's analysis was inadequate because it "failed to give the documents consideration." See Petitioner's Brief ("Pet. Br.") at 17. We agree. See Zheng v. Att'y Gen., 549 F.3d 260, 268-69, 271 (3d Cir. 2008) (vacating the BIA's denial of motions to reopen based on changed country conditions in China because the BIA failed to thoroughly discuss the evidence submitted by the petitioners or explain why it was not sufficient). The Board provided only general explanations for its conclusion that the evidence Li submitted was insufficient to support reopening.[3] See id. at 268 (noting that while the Board need not "parse or refute on the record each individual . . . piece of evidence offered by the petitioner," it "should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner.")

Of the two documents that the BIA did specifically consider, it improperly excluded them for lack of authentication, noting that that Li "failed to establish the authenticity of her foreign documents in any manner." (A.R. 4.) In particular, the Board rejected two notices addressed to Li from the Village Committee of Houer Village, one of which informed her that, upon her return, she must "report to the family planning service

---

[3] For example, with regard to its determination that Li had not demonstrated a change regarding the enforcement of the family planning policy, the Board stated only that "[t]he respondent's evidence is insufficient to show a material change in the family planning policy in China." The Board offered a similarly vague assessment of the evidence that Li presented in support of her claim regarding the treatment of those who

5

station and undergo sterilization, and pay [a] fine." (A.R. 82-3.)  The Board correctly noted that the failure to authenticate a document under provisions of 8 C.F.R. § 287.6 is not an absolute rule of exclusion.  See Liu v. Ashcroft, 372 F.3d 529, 533 (3d Cir. 2004).  However, it incorrectly stated that Li failed to authenticate them "in any manner."  Li asserts, without objection from the Government, that "the authenticity of the Chinese documents ha[d] been established by the dated stamps containing the name of the issuing organization."  Pet. Br. at 18.

For these reasons, we will grant the petition for review, vacate the BIA's order, and remand the matter to the Board for it to reconsider the motion to reopen and provide a more thorough analysis of the evidence submitted.  We express no opinion as to the ultimate outcome.

---

identify as Jehovah's Witnesses.