NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4071
_____

XIU YING LI,
Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-297-720)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2012
Before:  SMITH, CHAGARES and WEIS, Circuit Judges
(Opinion filed: November 6, 2012)
_____

OPINION
_____

PER CURIAM.

Xiu Ying Li petitions for review of the Board of Immigration Appeals' ("BIA" or "Board") order denying her second motion to reopen.  We will deny the petition for review.

1

In 2000, Li, a native and citizen of China, entered the United States without valid documentation. She was placed in removal proceedings and applied for asylum, withholding of removal, and protection under the Convention Against Torture, alleging that she had been persecuted under China's population control policy. Following a merits hearing, an Immigration Judge ("IJ") determined that Li had not testified credibly and thus denied her application for asylum and related relief. Li appealed the ruling and, in a November 2002 decision, the BIA affirmed. Li did not petition this Court for review of that determination.

In November 2004, Li filed a motion to reopen her removal proceedings, arguing that there had been a change in country conditions in China as a result of the government's enactment of new and more restrictive birth control policies.[1] The BIA determined that Li's motion was untimely filed and that she was unable to demonstrate a change in conditions regarding the family planning policy so as to avoid application of the time restriction. The Board further noted that the births of her three children in the United States did not amount to a change in circumstances in China, only a change in her

_____

[1] Under the applicable regulations, a motion to reopen must be filed no later than 90 days after the date on which the administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). An exception exists, however, for motions to reopen "based on changed country conditions arising in the country of nationality . . ., if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

personal circumstances.[2] The BIA later denied Li's motion for reconsideration. Li did not petition this Court for review of either ruling.

In October 2009, Li filed a second motion to reopen with the BIA, alleging that she will be sterilized upon her return to China due to changed country conditions regarding the one-child family planning policy, and that she will be persecuted because of her new affiliation with the Jehovah's Witnesses. Li argued in her motion that, since her last hearing in 2000, conditions in China have worsened because the government more stringently enforces family planning laws and laws prohibiting the free exercise of religion for Christian churches that are not sanctioned by the government.[3]

The BIA denied the motion, concluding that the "evidence fail[ed] to establish a change in circumstances or country conditions 'arising in the country of nationality' so as to create an exception to the time and number limitation for filing a late motion to reopen to apply for asylum." (A.R. at 31.) Li petitioned for review. This Court granted Li's petition and remanded the case to the BIA after determining that it had failed to adequately explain its reasoning for rejecting the evidence that Li submitted in support of her motion to reopen. See Li v. Att'y Gen, 414 F. App'x 482 (3d Cir. 2011).

---

[2] Li's first child was born in China; she has a total of four children.

[3] In support of her motion, Li submitted, *inter alia*, the 2008 United States Department of State Country Report for China; the 2008 United States Department of State International Religious Freedom Report for China; various news articles discussing China's policies on population control and Christianity; and two notices issued by the Village Committee of Houer Village, Fujian Province, indicating that she will be sterilized upon her return to China because she has given birth to four children.

On remand, the Board again denied Li's second motion to reopen as time and number barred, concluding that the evidence that Li submitted with her motion failed to demonstrate any material or substantial change in China. Specifically, the Board concluded that there had not been a significant change in China's family-planning policy since Li's last administrative hearing. In this regard, the Board gave the greatest weight to the 2008 State Department Reports. The Board also determined that there had not been a change in country conditions regarding the treatment of Jehovah's Witnesses. Li timely petitioned for review.[4]

We have jurisdiction under 8 U.S.C. § 1252(a)(1), and review the Board's denial of Li's motion for abuse of discretion. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Motions to reopen are plainly "disfavored" because "[t]here is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases." INS v. Abudu, 485 U.S. 94, 107 (1988). The BIA's decision is thus entitled to broad deference, Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003), and it "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (quotation marks omitted).

---

[4] The BIA also rejected Li's argument that she is eligible for relief because she left China illegally and applied for asylum in the United States, and it declined to exercise its authority to reopen the proceedings sua sponte. In her opening brief, Li does not articulate any challenge to either determination. As a result, review of those issues has been waived. See Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010).

As an initial matter, contrary to Li's argument, we conclude that, on remand, the BIA thoroughly considered the evidence and corrected the deficiency in its analysis that we identified in our earlier decision in this case. Moreover, we discern no error in the BIA's evaluation of Li's evidence.

As mentioned, the Board first held that the evidence Li submitted with her motion did not provide a sufficient basis for concluding that China's population control enforcement policies have materially changed since Li's merits hearing in 2000. The BIA did not abuse its discretion in so holding. For example, Li submitted a 2009 article entitled "China to continue family-planning policy," which states that the Chinese Vice Premier had stressed "the importance of continuing the family-planning policy" which was introduced in the late 1970's. (A.R. at 116.) The 2008 State Department Country Report explains that China has prohibited "the use of physical coercion to compel persons to submit to abortion or sterilization." (Id. at 218.) Rather, China mostly relies on education, propaganda, economic incentives, and the imposition of social compensation fees to enforce its policy. (Id. at 198.)

Li argues that greater attention should have been given to her Village Committee Notices. The BIA did not ignore that evidence. Rather, the Board determined that the Notices were not sufficiently persuasive in light of other, more reliable evidence. See Zubeda v. Ashcroft, 333 F.3d 463, 478 (3d Cir. 2003) (noting that State Department Reports are "the most appropriate and perhaps the best resource for information on political situations in foreign nations") (quotation marks omitted). Further, in addition to

5

the fact that neither Notice was signed by a member of the Village Committee, both Notices failed to indicate what will happen to Li if she does not report to the authorities, or the amount of fine that will be imposed. (A.R. at 109, 112.) We discern no error in the BIA's decision to afford lesser weight to those documents. See generally In re H-L-H- & Z-Y-Z-, 25 I. & N. Dec. 209, 214 (BIA 2010) (giving less weight to documents which were obtained for the purpose of the hearing, were unsigned, or which even failed to identify the authors).

Additionally, our decision in Chen v. Attorney General, 676 F.3d 112 (3d Cir. 2011), although arising in a different procedural posture, lends further support to the BIA's decision. In Chen, the petitioners, a married couple from Fujian Province, sought relief because they had two U.S.-born children, and they claimed to fear forced sterilization and economic penalties should they return to China. 676 F.3d at 114. In affirming the BIA's decision and rejecting the petitioners' claims, we determined that In re H-L-H- was "persuasive[]," Chen, 676 F.3d at 114, in its conclusion that "'physical coercion to achieve compliance with family planning goals is uncommon and unsanctioned by China's national laws and that the overall policy is much more heavily reliant on incentives and economic penalties,'" and that those economic penalties were not sufficiently severe to constitute persecution, id. at 115 (quoting In re H-L-H-, 25 I. & N. Dec. at 218.). That description of recent family-planning policies is consistent with the description of the policies in the 1999 State Department Report, and accordingly, it

6

was reasonable for the BIA to conclude that Li failed to show that the conditions in China have materially changed since her initial 2000 hearing.

We also agree that the record evidence does not demonstrate a change in China's treatment of Jehovah's Witnesses.[5] The 2008 International Religious Freedom Report states that many Christian groups no longer operate in secrecy and that the government's repression is inconsistent and sporadic. (A.R. at 236-37.) Further, although the government seeks to repress groups it has designated as "cults," which includes several Christian groups and Falun Gong, the Jehovah's Witness church is not among those listed. (Id. at 238.) Li claims that Jehovah's Witnesses are treated similarly to practitioners of Falun Gong, but there is no record evidence supporting her contention.

The Board also properly afforded little weight to a letter Li submitted from a practicing Jehovah's Witness living in the United States who claims that Li will go to jail in China for studying the Bible with Jehovah's Witnesses. (Id. at 143-46.) There is no evidence to demonstrate that the author has any relevant knowledge regarding country conditions in China. In sum, Li did not provide any evidence which would undermine the BIA's conclusion that there has not been a significant change in the treatment of Jehovah's Witnesses since the date of her last hearing.

---

[5] We need not address whether Li's decision to embrace this religion demonstrates a change in her personal circumstances, rather than country conditions, because even if Li was a Jehovah's Witness at her initial hearing, she did not present material evidence of changed country conditions so as to warrant relief under 8 C.F.R. § 1003.2(c)(3)(ii).

Because Li did not present material evidence of changed country conditions, the BIA did not abuse its discretion in denying her motion to reopen.

Accordingly, we will deny the petition for review.